**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MATTHEW PALLONE,** | ) | |
| **Petitioner/Movant,** | ) | |
| | ) | |
| **v.** | ) | **3:08-CV-1436-L** |
| | ) | **(3:05-CR-0186-L(04))** |
| **UNITED STATES OF AMERICA.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On April 12, 2006, Petitioner Matthew Pallone ("Pallone") along with four other Petitioners (convicted of various unrelated offenses) filed a single, joint petition for writ of habeas corpus pursuant to 28 U.S.C. § 2441 in the U.S. District Court for the District of Columbia. *Ryno et al. v. U.S. Attorney*, No. 06cv0671 (D.C.). Each alleged that he had been convicted or was awaiting sentencing on criminal charges filed in the Northern District of Texas. Pallone identified the indictment in No. 3:05cr0186-L in which he was named as a defendant. As of the date the petition was filed in No. 06cv0671(RJL), he had pleaded guilty to Count 1 of the indictment and was awaiting sentencing in No. 3:05cr186-L.[1]

On June 27, 2007, after notice and an opportunity to be heard, one of the petitioners, R.

---

[1]     Pallone was subsequently sentenced to a term of 132 months followed by a five-year term of supervised release pursuant to the judgment filed on November 30, 2006. He did not file a direct appeal.

D. Ryno, moved to dismiss. The district court granted Ryno's motion to dismiss, re-characterized the petition as a motion to vacate sentence, brought pursuant to 28 U.S.C. § 2255 on behalf of the four remaining Petitioners, and ordered the same to be transferred to the sentencing court in the Northern District of Texas for further proceedings. Petitioners appealed and on November 27, 2007, the U.S. Court of Appeals for the District of Columbia dismissed the appeal for want of jurisdiction. Thereafter, the D.C. district court processed the order of transfer, which was received by this court on July 15, 2008. Although the clerk initially opened a single, joint habeas action under § 2241 on behalf of all five Petitioners, *see Ryno et al. v. United States*, 3:08cv1201-B (N.D. Tex.), that action was administratively closed and three individual § 2255 cases were opened on behalf of the remaining Petitioners -- i.e., Billy George Seward, Matthew Pallone, and Kodjovi Martial Haden.[2]

Pallone's § 2255 motion is presently at issue in this case. At the time the petition was filed in the District of Columbia, all petitioners were in custody of FCI Seagoville in Seagoville, Texas. On August 26, 2008, the magistrate judge issued a notice of deficiency and order addressed to Pallone at FCI Seagoville, advising him that his § 2255 motion was not on the court approved form. On September 15, 2008, the envelope containing the order was returned to the court with the notation "undeliverable, return to sender." (Docket #7). As of the date of this recommendation, Pallone has not provided the court with his present address. The court is not required to delay disposition of the current case until such time as Petitioner chooses to provide an address to which the court can send its orders.

---

[2]     The court did not open a § 2255 action on behalf of Obriant Webb, since on March 25, 2008, prior to the transfer of this action, he filed a separate § 2255 motion on his own behalf. *See* No. 3:08cv515-D (N.D. Tex.)

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action

*sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court

order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d

1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent

power to control its docket and prevent undue delays in the disposition of pending cases."

*Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash*

*R.R. Co.*, 370 U.S. 626 (1962)).

However, the magistrate judge is of the opinion that it is unnecessary to decide whether

Rule 41(b) should be applied, including addressing whether the record is such as to permit the

court to exercise its discretion to dismiss in light of the fact that the filing of a subsequent § 2255

motion would likely be barred by limitations. *See* 28 U.S.C. § 2255(f)(1)-(4) and *Berry v.*

*CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Rather, the magistrate judge recommends that the District Court apply the provisions of

Rule 4(b), of the Rules Governing Section 2255 Proceedings, and summarily dismiss the § 2255

motion. The gravamen of the § 2255 motion, filed even before a judgment was entered against

Pallone, *see id.* at Rule 1(a), is that the courts of the U.S. District Court for the Northern District

of Texas lack jurisdiction over the offenses charged in the indictments returned by the grand

juries sitting in this district. *See* "Complaint for Declaratory and Habeas Corpus Relief of

Judgment" at Parts III and IV, pp. 2-5. The legal arguments made – which purport to

demonstrate that this court lacked jurisdiction to accept Pallone's guilty plea and, thereafter, to

enter a judgment sentencing him to a term of imprisonment – are patently frivolous. Therefore,

Pallone is not entitled to relief  on the grounds asserted, and his § 2255 motion should be

summarily dismissed.

RECOMMENDATION:

      For the foregoing reasons, it is recommended that the § 2255 motion be DISMISSED

pursuant to Rule 4(b) of the Rules Governing Section 2255 proceedings.

      A copy of this recommendation will be mailed to Petitioner at his last known address.

      Signed this 14th day of October, 2008.


_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

      In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.